IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| JESSICA ANN GUILFOYLE, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | No. 4:18-cv-00202-SMR |
| v. | ) | |
| | ) | ORDER |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

Jessica Ann Guilfoyle brings this pro se Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. Having conducted its preliminary consideration of the § 2255 motion pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, the Court concludes these claims should be briefed.

**The parties are DIRECTED to respond in the following manner:**

1. **The Government shall file its brief** in response to the § 2255 motion **on or before September 14, 2018**. The Government may attach relevant exhibits to its brief.

2. **Guilfoyle shall file a brief** in reply to the Government's response **on or before October 5, 2018.**

In her motion, Guilfoyle raises multiple claims of ineffective assistance of counsel. A claim of ineffective assistance of counsel waives the attorney-client privilege as to communications with the attorney that are necessary to prove or disprove the claim. *See Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974) ("When a client calls into public question the competence of his attorney, the privilege is waived."); *see also United States v. Pinson*, 584 F.3d 972, 978 (10th Cir. 2009) (citing *Tasby*, 504 F.2d at 336); *United States v. Davis*, 583 F.3d 1081, 1090 (8th Cir. 2009) (making clear that attorney-client privilege cannot be used as both a sword and a shield); *In re Lott*, 424 F.3d

446, 453 (6th Cir. 2005) (citing *Tasby*, 504 F.2d at 336); *Bittaker v. Woodford*, 331 F.3d 715, 720 (9th Cir. 2003) (addressing scope of waiver); *United States v. Ballard*, 779 F.2d 287, 292 (5th Cir. 1986) (permitting an attorney to reveal otherwise privileged communications when defending himself against charges of improper conduct); *Schwimmer v. United States*, 232 F.2d 855, 863 (8th Cir. 1956) (indicating that waiver may be express or implied).

Chad Primmer represented Guilfoyle during her criminal proceeding. There was no appeal.

**Attorney Primmer shall file with the Court an affidavit responding to Guilfoyle's specific allegations of ineffective assistance of counsel.** Such affidavit must contain all of the information counsel reasonably believes is necessary to respond to the specific allegations. In addition, counsel shall attach to, or include with, his affidavit all documents he reasonably believes are necessary to respond to the allegations of ineffective assistance of counsel. **This court-supervised response to Guilfoyle's allegations shall be filed** with the Court on or before **August 10, 2018. The Clerk of Court is DIRECTED to provide a copy of this order to Attorney Primmer.**[1]

---

[1]   The American Bar Association provides guidance as to when an attorney may reveal information that relates to the representation of a client who alleges ineffective assistance of counsel. Specifically, the ABA, in relevant part, states:

> [a] lawyer may reveal information relating to the representation of a client to the extent the lawyer reasonably believes necessary [. . .] to respond to allegations in any proceeding concerning the lawyer's representation of the client [or] to comply with other law or a court order.

ABA Model Rules of Prof'l Conduct R. 1.6(b)(5)-(6); *see also* ABA Model Rules of Prof'l Conduct R. 1.6 cmt. 12-15 (addressing disclosures that are adverse to the client). Concerning Model Rule 1.6, counsel is advised to read ABA Formal Opinion 10-456, Disclosure of Information to Prosecutor When Lawyer's Former Client Brings Ineffective Assistance of Counsel Claim. *See* ABA Comm. on Ethics & Prof'l Responsibility, Formal Op. 10-456 (2010). It is accessible at the following website: http://www.americanbar.org/content/dam/aba/migrated/2011_build/professional_responsibility/e thics_opinion_10_456.authcheckdam.pdf. Alternatively, such opinion may be accessed by visiting the ABA's website and typing into the search feature "10-456." If counsel concludes he cannot comply with this order without violating an attorney-client privilege or if counsel concludes he

**After counsel complies with the Court's directives, the Clerk of Court is DIRECTED to serve both parties with a copy of the documents filed by former defense counsel.**

**If Guilfoyle objects to former defense counsel responding as ordered herein, she must notify the Court of the objection and the basis for the objection within 21 days of the date of this order.  Upon receipt of such an objection, the Court will notify the parties and former counsel that he need not take further action until so directed by the Court.**

**IT IS SO ORDERED**.

Dated this 22nd day of June, 2018.

STEPHANIE M. ROSE
UNITED STATES DISTRICT JUDGE

---

cannot reasonably determine the scope of the waiver of the attorney-client privilege, counsel is directed to file a response, *in camera with a request for a protective order if necessary*, that specifically states the reasons for his conclusion.  To comply with this order, counsel must file either an affidavit, a response or, if appropriate, a combination of the two by the required date.